# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| BRIAN STOREY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   5:15-cv-0899-VEH-JEO |
| | ) |
| JEFFERSON S. DUNN, Commissioner of | ) |
| the Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a habeas corpus case filed, through counsel, by Brian Storey, an Alabama state prisoner. (Doc. 1). In August 1999, Storey was convicted in the Circuit Court of Madison County, Alabama, for a capital murder he committed when he was 17 years old. The trial court imposed the then-mandatory minimum sentence under state law: life imprisonment without the possibility of parole. Relying upon the Supreme Court's decisions in *Roper v. Simmons*, 543 U.S. 551 (2005); *Miller v. Alabama*, 132 S. Ct. 2455 (2012); and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), Storey filed this habeas action seeking relief in the form of a new sentencing hearing at which the state court might consider whether a sentence of life imprisonment *with* the possibility of parole is more appropriate. Storey has now filed a motion to dismiss this action as moot. (Doc. 6). The court

concludes that the motion is due to be granted.

Storey states in his motion that, on September 15, 2016, the state trial court issued an order granting relief from Storney's mandatory life-without-parole sentence and set the case for further resentencing. (Doc. 6 at 2). Because such was the relief that Storey sought in his habeas petition, he states that the case is moot. (*Id.*) The court agrees. "[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'" *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). Accordingly, this matter is due to be dismissed as moot. A separate final order will be entered.

**DONE**, this 24th day of October, 2016.

 _____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge